United States District Court
Southern District of Texas
**ENTERED**
April 25, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRYAN STALLWORTH, § <br> TDCJ # 02465986, § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> WALKER COUNTY, TEX., *et al.*, § <br> § <br> Defendant. § | CIVIL ACTION NO. 4:24-1361 |

## ORDER OF DISMISSAL

Plaintiff Bryan Stallworth, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeds *pro se* in this civil rights suit. Stallworth has not paid the filing fee. Having reviewed the pleadings and the plaintiff's litigation history, the Court **DISMISSES** this case for the reasons explained below.

Under the "three strikes" rule found in the Prison Litigation Reform Act (PLRA), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of § 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent-danger exception at the time his complaint is filed. *See Brown v. Megg*, 857 F.3d 287, 290 (5th Cir. 2017); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The threat of imminent

danger must be "real and proximate," and allegations regarding past harms do not suffice. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *see Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Stallworth has filed at least three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See Stallworth v. Ochart*, Civil Action No. 4:22-4413 (S.D. Tex. Dec. 21, 2022) (collecting past strikes and imposing bar).[1] He therefore may not proceed *in forma pauperis* absent a showing of imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Banos*, 144 F.3d at 885. The Court must carefully examine the plaintiff's specific factual allegations to determine whether they meet § 1915(g)'s standards. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Camp v. Putnam*, 807 F. App'x 303, 306 (5th Cir. 2020) (district courts must analyze a plaintiff's specific allegations to determine whether the allegations satisfy § 1915(g)'s imminent-danger requirement).

Stallworth's complaint alleges that, while detained in the Walker County Jail in 2022 and 2023, the defendants denied him hygiene products and a change of clothes; caused him to suffer from food poisoning; deleted his grievances; and delayed, denied, or destroyed his legal mail. These allegations are insufficient to plead that he was in imminent danger of serious physical injury at the time he executed his complaint in March 2024.

---

[1] Stallworth states in his complaint that he filed a lawsuit against "Home Rule Unit" in the Northern District of Illinois in 1998 (Dkt. 1, at 2). The dismissal order in Civil Action No. 4:22-4413 lists *Stallworth v. Home Rule Unit Dekalb County*, Civil Action No. 3:98-50156 (N.D. Ill. Dec. 17, 1998), as one strike against him.

Because Stallworth does not adequately allege imminent physical danger and is not otherwise eligible to proceed *in forma pauperis*, the Court will dismiss the complaint without prejudice as barred by Section 1915(g).

Based on the foregoing, the Court **ORDERS** as follows:

1. This civil action is **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 1915(g).

2. All pending motions, if any, are **DENIED** as moot.

3. The Clerk is **INSTRUCTED** to provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on _____April 24_____, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE